UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JAMES HENRY STARLING,

                Petitioner,              Case No. 2:18-cv-153

v.                                          Honorable Paul L. Maloney

CATHERINE BAUMAN,

                Respondent.
_____/

# **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

I.    Factual Allegations

Petitioner James Henry Starling is incarcerated with the Michigan Department of Corrections at the Alger Correctional Facility (LMF) in Munising, Michigan. On May 13, 2016, Petitioner pleaded *nolo contendere* in the Cass County Circuit Court to assault with intent to murder (AWIM), Mich. Comp. Laws § 750.83. On June 24, 2016, the court sentenced Petitioner as a habitual offender-third offense, Mich. Comp. Laws § 769.11, to a prison term of 20 to 40 years.

Petitioner, with the assistance of counsel, filed an application for leave to appeal in the Michigan Court of Appeals raising one issue:

> Defendant-Appellant's actions do not meet the elements of AWIM and he did not understand this when he pleaded *nolo contendere*; thus his plea was involuntarily entered in violation of the state and federal due process clauses.

(Pet. Attach. A, ECF No. 1-1, PageID.16.) The Michigan Court of Appeals denied leave by order entered May 31, 2017. (Mich. Ct. App. Order, ECF No. 1-3, PageID.30.)

Petitioner, in pro per, then sought leave to appeal in the Michigan Supreme Court. Petitioner expressed his intention to raise the same issue he had raised in the court of appeals; however, he acknowledged that he did not have the benefit of reading his court of appeals brief before he filed his supreme court application. Petitioner identified his issue in the supreme court as: "Defendant's *nolo contendere* plea was not understood, voluntary, or accurately made." (Pet'r's Appl. for Leave to Appeal, ECF No. 1-4, PageID.35.) The Michigan Supreme Court denied leave by order entered January 3, 2018. (Mich. Order, ECF No. 1-5, PageID.39.)

Petitioner did not file a petition for writ of certiorari with the United States Supreme Court. (Pet., ECF No. 1, PageID.13.) Instead, on September 11, 2018, he timely filed this petition raising the same issue he raised in the Michigan Court of Appeals.

The assault that resulted in Petitioner's imprisonment occurred on January 12, 2016. (Pet. Attach. C, ECF No. 1-1, PageID.18.) On that date, Petitioner was involved in an altercation with Wanda Robison. (*Id.*) Ms. Robison testified that she slapped Petitioner, he put his hands around her neck, Ms. Robison pushed him away, and then Petitioner came at Ms. Robison with a screwdriver and stabbed her in the ear and about the shoulders 31 times. (*Id.*, PageID.18-19.)

Defense counsel argued that there was no evidence presented to show that Petitioner intended to murder Ms. Robison. The preliminary examination court disagreed:

> [W]hat I did hear today is that you have an object, a screwdriver, and you're stabbing someone in the head, the brain, the ability to puncture the brain, in the back of the neck, ability to puncture the spinal cord, or any of these areas. Certainly, she also testified about other areas that were stabbed. But when you are stabbing, that is your intention. You are not doing that once, twice, three, times. You are doing that 31 times in areas where you can take away someone's life. You can paralyze them based on where you are stabbing.

(*Id.*, PageID.19.) After Petitioner entered a plea of *nolo contendere*, the trial court relied on the preliminary examination testimony to support the plea.

As evidenced by Petitioner's status as a habitual offender, the incident with Ms. Robison was not Petitioner's first criminal prosecution. Petitioner's earlier offenses are detailed below. On March 2, 2001, the Cass County Circuit Court sentenced Petitioner to 4 to 10 years' imprisonment following his guilty plea to a charge of assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84.[1] On September 11, 1987, the Cass County Circuit Court sentenced Petitioner following his guilty pleas to two counts of assault with a dangerous

---

[1] *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=189855. This Court takes judicial notice of the information provided by a search of the MDOC Offender Tracking Information System website with regard to Petitioner. *See, e.g., Carpenter v. Mich. Dep't of Corr. Time Computation Unit*, No. 1:13-cv-313, 2013 WL 1947249, at *1 n.1 (W.D. Mich. May 9, 2013); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821–22 n.3 (E.D. Mich. 2004).

3

weapon, Mich. Comp. Laws § 750.82, to prison terms of 1 year, 6 months to 2 years and 1 year, 6 months to 4 years.

## II. AEDPA Standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams*, 529 U.S. at 381-382; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court

precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

5

### III. Voluntary Plea

"[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 562 U.S. at 5; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Petitioner argues that his plea is invalid because the facts before the court did not establish his guilt of the charged offense. Specifically, Petitioner claims there was no evidence of his intent to murder. The requirement that the court establish a factual basis for a guilty plea is a creature of rule, not the federal Constitution. While states are free to adopt procedural rules requiring a factual basis as Michigan has done in Mich. Ct. R. 6.610(E)(1)(a), the Federal Constitution does not mandate they do so. *See North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970); *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975); *accord Meyers v. Gillis*, 93 F.3d 1147, 1152 (3d Cir. 1996); *United States v. McGlocklin*, 8 F.3d 1037, 1047 (6th Cir. 1993) (en banc) (implicitly overruled on other grounds by *Custis v. United States*, 511 U.S. 485 (1994)).

The fact that Petitioner entered a plea of *nolo contendere*, rather than guilty, does not change the analysis. In Michigan, a plea of *nolo contendere* has essentially the same effect on the criminal prosecution as does a plea of guilty:

> Since a plea of *nolo contendere* indicates that a defendant does not wish to contest his factual guilt, any claims or defenses which relate to the issue of factual guilt are waived by such a plea. Claims or defenses that challenge a state's capacity or ability to prove defendant's factual guilt become irrelevant upon, and are subsumed

6

by, a plea of *nolo contendere*. Hence, we hold that a plea of *nolo contendere* has the same effect upon a defendant's ability to raise an issue on appeal as does a plea of guilty. Only those defenses which challenge the very authority of the state to prosecute a defendant may be raised on appeal after entry of a plea of *nolo contendere*.

*People v. New*, 398 N.W.2d 358, 363 (Mich. 1986) (footnotes omitted). Thus, a plea of *nolo contendere* waives a claim that the evidence of guilt is insufficient in the same way that a plea of guilty does. *See Post v. Bradshaw*, 621 F.3d 406, 426-27 (6th Cir. 2010); *United States v. Freed*, 688 F.2d 24, 25-26 (6th Cir. 1982). As with guilty pleas, the requirement that special circumstances must be present before a defendant may enter a plea of *nolo contendere* is entirely a product of state rules, Mich. Ct. R. 6.302(D)(2)(a), not federal constitutional principles. Accordingly, even if the trial court failed to establish that a *nolo contendere* plea was appropriate, it would not provide grounds for habeas relief unless the plea was otherwise involuntary or unknowing.

Alternatively, Petitioner's claim that there was no evidence of an intent to murder might be interpreted as a claim that he is actually innocent of the charges. That, also, is not a valid habeas claim:

> [T]he trial court's failure to allow petitioner to withdraw his plea under the governing state court rules does not state a cognizable basis for habeas relief. Nor does petitioner's assertion of innocence after the plea was entered render involuntary his otherwise valid plea. As another court observed long ago, there are "no cases which hold that denial of guilt, under oath, subsequent to the entry of a guilty plea but prior to sentencing renders the plea involuntary as a matter of constitutional law." *Hansen v. Mathews*, 296 F. Supp. 1398, 1331 (E.D.Wis. 1969), *aff'd*, 424 F.2d 1205 (7th Cir. 1970). Although *Hansen* was decided over forty years ago, this observation holds true today. It is well established that "factual guilt or innocence . . . is irrelevant to the question of whether [a defendant's] plea was voluntary." *United States ex rel. Smith v. Johnson*, 403 F. Supp. 1381, 1397 n. 28 (E.D.Pa. 1975), *aff'd*, 538 F.2d 322 (3d Cir. 1976); *see also, Stewart v. Peters*, 958 F.2d 1379, 1385 (7th Cir. 1992) ("A guilty plea is no more involuntary because the defendant believes he is innocent than the settlement of a civil lawsuit is involuntary because the defendant refuses to admit liability and may believe in all sincerity that he is not liable in the least."). Indeed, the Supreme Court has explicitly held that a criminal defendant may constitutionally enter a guilty plea even while protesting

> his innocence or declining to admit his commission of the crime. *See North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970). "Because a trial court may accept a guilty plea even when it is coupled with a claim of innocence, *a fortiori* a court is not required to permit withdrawal of that plea merely because a defendant belatedly asserts his innocence." *Gunn v. Kuhlman*, 479 F. Supp. 338, 344 (S.D.N.Y. 1979) (footnotes omitted).

*Walk v. Mackie*, No. 13-cv-14439, 2014 WL 4265814, at *13 (E.D. Mich. Aug. 29, 2014).

The grounds for attacking a plea such as Petitioner's are few. "It is well-settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). On the other hand, a plea not voluntarily and intelligently made has been obtained in violation of due process and is void. *See McCarthy v. United States*, 394 U.S. 459, 466 (1969). The test for determining a guilty plea's validity is "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). Courts assessing whether a defendant's plea is valid look to "all of the relevant circumstances surrounding it," *Brady v. United States*, 397 U.S. 742, 749 (1970).

In order to find that a guilty plea is constitutionally valid, several requirements must be met. The defendant pleading guilty must be competent, *see Brady*, 397 U.S. at 756, and must have notice of the nature of the charges against him, *see Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976); *Smith v. O'Grady*, 312 U.S. 329, 334 (1941). Petitioner does not contend he is incompetent and Petitioner had adequate notice of the charges against him.

The plea must be entered "voluntarily," i.e., not be the product of "actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant" or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel. *Brady*, 397 U.S. at 750; *Machibroda v. United States*, 368 U.S. 487, 493

8

(1962) ("A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void."). The defendant must also understand the consequences of his plea, including the nature of the constitutional protection he is waiving. *Henderson*, 426 U.S. at 645 n.13; *Brady*, 397 U.S. at 755; *Machibroda*, 368 U.S. at 493 ("Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences.") (internal quotations and citation omitted). Petitioner does not contend that he was coerced or that he failed to understand the consequences of his plea.

A defendant must have available the advice of competent counsel. *Tollett*, 411 U.S. at 267-68; *Brady*, 397 U.S. at 756; *McMann v. Richardson*, 397 U.S. 759, 771 & n.14 (1970). The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made. *Cf. Henderson*, 426 U.S. at 647 ("[I]t may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit."); *Brady*, 397 U.S. at 754 (suggesting that coercive actions on the part of the state could be dissipated by counsel). Ineffective assistance of counsel may render a plea of guilty involuntary. *See Hill*, 474 U.S. at 56-57. Petitioner does not claim that his counsel rendered ineffective assistance.

Instead of raising any of these legitimate federal constitutional challenges to the validity of his plea, Petitioner claims his plea was involuntary because he did not realize that the factual basis for the plea was inadequate. As noted above, an inadequate factual basis, without more, does not render a plea involuntary or unknowing under federal constitutional principles. Moreover, the premise of Petitioner's challenge—that the factual basis for his plea was inadequate—is flawed. Petitioner suggests that unless he actually expressed an intention to murder

9

Ms. Robison, the prosecutor could not show Petitioner was guilty of AWIM. That is not the standard in Michigan:

> "In Michigan, the crime of assault with intent to commit murder requires proof of three elements: '(1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder.'" *Warren v. Smith*, 161 F.3d 358, 361 (6th Cir. 1998) (citations omitted). This actual intent to kill "may be proven by inference from any facts in evidence," *id.* (quoting *People v. Hoffman*, 225 Mich.App. 103, 570 N.W.2d 146, 150 (1997) ), including:
>
>> the nature of the defendant's acts constituting the assault; the temper or disposition of mind with which they were apparently performed[;] whether the instrument and means used were naturally adapted to produce death[;] his conduct and declarations prior to, at the time, and after the assault[;] and all other circumstances calculated to throw light upon the intention with which the assault was made.
>
> *Id.* (quoting *People v. Taylor*, 422 Mich. 554, 375 N.W.2d 1, 8 (1985) ). "Because of the difficulty of proving an actor's state of mind, minimal circumstantial evidence is sufficient." *People v. McRunels*, 237 Mich.App. 168, 603 N.W.2d 95, 102 (1999).

*Thomas v. Stephenson*, 898 F.3d 693, 698 (6th Cir. 2018). Here, the examining court looked to the frequency and targets of Petitioner's stabs and, from those facts, inferred an intent to murder. Petitioner does not dispute the underlying facts upon which the state court relied. The state court's inference of intent from these facts is eminently reasonable.

Under these circumstances, the state court's rejection of Petitioner's claim that his plea was unknowing and involuntary is neither contrary to, nor an unreasonable application of clearly established federal law. Petitioner is not entitled to habeas relief.

## **Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

11

*Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

The Court will enter a Judgment and Order consistent with this Opinion.


Dated: September 28, 2018                      /s/ Paul L. Maloney
                                               Paul L. Maloney
                                               United States District Judge